**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | |
|---|---|
| **TENNESSEE BONDING COMPANY,**<br>**BRIAN J. COLE, and**<br>**KENNETH HOLMES,**<br><br>　　　　**Plaintiffs,**<br><br><br>　**v.**<br><br><br><br>**TENNESSEE ASSOCIATION OF**<br>**PROFESSIONAL BAIL AGENTS;**<br>**KIMBERLY "SHELLY" ALEXANDER; A**<br>**CLOSE BONDING CO., LLC; TOSHA**<br>**SHEPARD; AMERICAN BONDING;**<br>**RONNIE CARTER; JOSHUA CARTER;**<br>**FREE BIRD BAIL BONDS;  ROSCOE**<br>**WILLIAMS; JAIL BUSTERS BAIL BONDS;**<br>**NICK DEBORD; CITY BONDING**<br>**COMPANY, INC.; ANDY KIRKLAND;**<br>**ANDY KIRKLAND BAIL BONDS; GLORIA**<br>**PRESSLEY; A1 BAIL BONDS; ANNA**<br>**DENISE EVANS; AFFORDABAIL BAIL,**<br>**LLC; DAVID LEE HUMPHREY; ANYTIME**<br>**BAIL BONDS LLC; JULIE MORRELL;**<br>**SOUTHEASTERN BONDING; TOMMY**<br>**DUCKWORTH; A ANGEL BONDING, LLC;**<br>**LEAH L. HULAN; and GRUMPY'S BAIL**<br>**BONDS, LLC,**<br><br>　　　　**Defendants.** | **Case No. _____** |

**COMPLAINT**

　　　Plaintiffs Tennessee Bonding Company, Brian Cole, and Kenneth Holmes bring the

following Complaint against the Tennessee Association of Professional Bail Agents; Kimberly

"Shelly" Alexander; A Close Bonding Company; Ronnie Carter; Free Bird Bail Bonds; Tosha

Shepard; American Bonding; Paul Roscoe Williams; Jail Busters Bail Bonds; Nick DeBord; City Bonding Company, Inc.; Andy Kirkland; Andy Kirkland Bail Bonds; Gloria Pressley; A1 Bail Bonds; Anna Denise Evans; Affordabail Bail, LLC; David Humphrey; Anytime Bail Bonds LLC;; Julie Morrell; Southeastern Bonding; Tony Duckworth; A Angel Bonding, LLC; Leah L. Hulan; and Grumpy's Bail Bonds, LLC, stating as follows:

## THE PARTIES

1.     Plaintiff Tennessee Bonding Company is a corporation formed under the laws of the State of Tennessee and has its principal place of business in Knoxville, Tennessee, and regularly conducts business in this judicial district. Tennessee Bonding Company has been a company member of the Tennessee Association of Professional Bail Agents, paying $100 each year in annual membership dues to the Tennessee Association of Professional Bail Agents.

2.     Plaintiff Brian J. Cole ("Mr. Cole") is the majority owner of Tennessee Bonding Company.  He resides in Knox County, Tennessee.  Mr. Cole is a member of the Tennessee Association of Professional Bail Agents. His race is African American.

3.     Plaintiff Kenneth Holmes ("Mr. Holmes") is the other owner of Tennessee Bonding Company. He resides in Knox County, Tennessee. Mr. Holmes is a member of the Tennessee Association of Professional Bail Agents. His race is white.  Messrs. Cole, Holmes and Tennessee Bonding Company shall collectively be referred to herein as "Plaintiffs".

4.     Defendant the Tennessee Association of Professional Bail Agents ("TAPBA") is a not-for-profit corporation formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in Nashville, Tennessee.

5.     Defendant Kimberly "Shelly" Alexander ("Ms. Alexander") is, on information and belief, a resident of Henderson County, Tennessee.  Ms. Alexander's race is white.

6.      According the TAPBA's website, Ms. Alexander serves on the Board of Directors of TAPBA, is currently the TAPBA's President, and is also one of its West Tennessee Directors. On information and belief, Ms. Alexander owns A Close Bonding Company.

7.      Defendant A Close Bonding Company was formerly a limited liability company formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, had its principal office in Henderson County, Tennessee. A Close Bonding Company has since been administratively dissolved.

8.      Defendant Ronnie Carter is, on information and belief, at resident of White County, Tennessee.   Ronnie Carter's race is white.

9.      According the TAPBA's website, Ronnie Carter serves on the Board of Directors of TAPBA, is currently the TAPBA's Treasurer, and is one of its Middle Tennessee Directors.  On information and belief, Ronnie Carter owns Free Bird Bail Bonds.

10.      Defendant Joshua Carter is, on information and belief, at resident of White County, Tennessee and is believed to be Ronnie Carter's son. His race is white. On information and belief, Joshua Carter works for his father's company Free Bird Bail Bonds.

11.      Defendant Free Bird Bail Bonds is an unincorporated entity believed to be a doing business name of Ronnie Carter. It is believed to have its principal place of business in White County, Tennessee.

12.      Defendant Tosha Shepard ("Ms. Shepard") is, on information and belief, a resident of Washington County, Tennessee.  Ms. Shepard's race is white.

13.      According the TAPBA's website, Ms. Shepard serves on the Board of Directors of TAPBA, and is currently one of TAPBA's East Tennessee Directors. On information and belief, Ms. Shepard owns American Bonding.

14. Defendant American Bonding is an unincorporated entity believed to be a doing business name of Ms. Shepard. It is believed to have its principal place of business in Washington County, Tennessee.

15. Defendant Paul Roscoe Williams ("Mr. Williams") is, on information and belief, a resident of Rutherford County, Tennessee. Mr. Williams' race is white.

16. According the TAPBA's website, Mr. Williams serves on the Board of Directors of TAPBA, and is currently one of TAPBA's Middle Tennessee Directors. Mr. Williams owns Jail Busters Bail Bonds.

17. Defendant Jail Busters Bail Bonds is an unincorporated entity believed to be a doing business name of Mr. Williams. It is believed to have its principal place of business in Rutherford County, Tennessee.

18. Defendant Nick DeBord ("Mr. DeBord") is, on information and belief, a resident of Sevier County, Tennessee. Mr. DeBord's race is white. On information and belief, Mr. DeBord owns City Bonding Company, Inc., and is a former Director of TAPBA.

19. Defendant City Bonding Company, Inc. is a corporation formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in Sevier County, Tennessee.

20. Defendant Andy Kirkland ("Mr. Kirkland") is, on information and belief, a resident of Roane County, Tennessee. Mr. Kirkland's race is white. On information and belief, Mr. Kirkland owns Andy Kirkland Bail Bonds.

21. Defendant Andy Kirkland Bail Bonds is an unincorporated entity believed to be a doing business name of Mr. Kirkland. It is believed to have its principal place of business in Roane County, Tennessee.

22. Defendant Gloria Pressley ("Ms. Pressley") is, on information and belief, a resident of Knox County, Tennessee. Ms. Pressley's race is white. On information and belief, Ms. Pressley owns A1 Bail Bonds.

23. Defendant A1 Bail Bonds is an unincorporated entity believed to be a doing business name of Ms. Pressley. It is believed to have its principal place of business in Knox County, Tennessee.

24. Defendant Anna Denise Evans ("Ms. Evans") is, on information and belief, a resident of Blount County, Tennessee. Ms. Evans race is white. On information and belief, Ms. Evans owns Affordabail Bail, LLC.

25. Defendant Affordabail Bail, LLC is a limited liability company formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in Sevier County, Tennessee.

26. Defendant David Humphrey ("Mr. Humphrey") is, on information and belief, a resident of Jefferson County, Tennessee. Mr. Humphrey's race is white. On information and belief, Mr. Humphrey owns Anytime Bail Bonds LLC.

27. Defendant Anytime Bail Bonds LLC is a limited liability company formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in Grainger County, Tennessee.

28. Defendant Julie Morrell ("Ms. Morrell") is, on information and belief, a resident of Sullivan County, Tennessee. Ms. Morrell's race is white. On information and belief, Ms. Morrell owns Southeastern Bonding.

29.     Defendant Southeastern Bonding is an unincorporated entity believed to be a doing business name of Ms. Morrell. It is believed to have its principal place of business in Sullivan County, Tennessee.

30.     Defendant Tony Duckworth ("Mr. Duckworth") is, on information and belief, a resident of Cocke County, Tennessee. Mr. Duckworth's race is white. On information and belief, Mr. Duckworth owns A Angel Bonding, LLC.

31.     Defendant A Angel Bonding, LLC is a limited liability company formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in Cocke County, Tennessee.

32.     Defendant Leah Hulan ("Ms. Hulan") is, on information and belief, a resident of Williamson County, Tennessee. Ms. Hulan's race is white. On information and belief, Ms. Hulan owns Grumpy's Bail Bonds, LLC, and formerly served as a Director of TAPBA.

33.     Defendant Grumpy's Bail Bonds, LLC a limited liability company formed under the laws of the State of Tennessee and, according to records maintained by Tennessee Secretary of State, has its principal office in in Williamson County, Tennessee.

## JURISDICTION AND VENUE

34.     This Court has jurisdiction under 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States, specifically 42 U.S.C. § 1981.

35.     This Court further has jurisdiction under 28 U.S.C. § 1367, in that Plaintiffs' claims arising under Tennessee law are closely related to Plaintiffs' claims under federal law and form part of the same case and controversy as their federal claims.

36.     Further, all Defendants are all either individuals who are Tennessee residents or else are business entities which are either formed under Tennessee law or are unincorporated and

are doing business in Tennessee. Therefore, this Court has personal jurisdiction over all Defendants.

37.     Venue is proper in this Court because the facts and circumstances giving rises to Plaintiffs claims are based upon the actions of the TAPBA which occurred within and/or originated from this district, as well as the actions of all Defendants, each of whom are members of TAPBA, each of whom reside within Tennessee, and each of whom conspired and/or acted in concert with TAPBA to injure the Plaintiffs..

## FACTUAL ALLEGATIONS

### Facts Part 1: the TAPBA, Generally

38.     The TAPBA is a not-for-profit professional organization serving professional bail agents in Tennessee.

39.     According its Bylaws, the TAPBA exists "to foster the primary business of the members of the Association (the 'Members'), each Member being a professional bondsman, an agent for a professional bondsman, or the primary or part-owner of employee or agent of a partnership, or other entity authorized to make bonds within the State of Tennessee."

40.     The TAPBA's status as a professional organization for professional bail agents is also enshrined in Tennessee law.

41.     For example, Tennessee Code § 40-11-401 provides, in part: "Each professional bail bondsman or bonding agent individually, including partners, officers and directors of a corporation engaged for profit who are qualified as professional bail bondsmen or bonding agents, making bonds or entering into undertakings as surety in criminal proceedings as defined in § 40-11-301, shall obtain eight (8) hours of continuing education credits during each twelve-month period beginning on January 1, 1997."

42.     Notably, under Tennessee Code § 40-11-404, the TAPBA is the only entity authorized to provide courses that can satisfy the continuing education requirements of Tennessee Code § 40-11-401.

43.     Traditionally, and an unfortunate legacy of Tennessee's segregationist past, professional bail agents in Tennessee have been white.

44.     According to the TAPBA's website, there are currently nine members of the TAPBA's Board of Directors.

45.     However, only one of these Directors is African American.

46.     The fact that only one of nine board members is African American is remarkable, considering that more than twice as many African American Tennesseans will need the services professional bail agent in Tennessee than will white Tennesseans.  As of 2021, there were at least twice as many African American individuals in Tennessee's jails as there where white individuals.

47.     Each of the individual Defendants owns a bail bonding company, each of the individual defendants is white, all of the Defendants are members of the TAPBA, and many of the Defendants hold offices or positions of authority within the TAPBA.

## Facts Part 2: Tennessee Bonding Company

48.     Tennessee Bonding Company is one of a handful of Tennessee bail bonding companies for which an African American person holds the majority stake in the company.

49.     The overwhelming majority of bail bonding companies in Tennessee have historically been owned by white owners, which remains true today.

50.     Tennessee Bonding Company, Mr. Cole, and Mr. Holmes have long been members of the TAPBA.  Messrs. Cole and Holmes have consistently sought to maintain a good working relationship with the TAPBA.

51.     According to TAPBA's Bylaws, TAPBA "exists to foster the primary business" of its Members engaged in the bail bonding industry.

52.     In order to maintain their status as licensed bail bondsman, Messrs. Cole and Holmes are each required by Tennessee law to pay $350 per year to the TAPBA so as to maintain their personal compliance with the State of Tennessee's continuing education requirements.

53.     Tennessee Bonding Company was founded in 2016, and initially served approximately seven counties and underwrote approximately six million dollars in bail bonds annually.

54.     Today, Tennessee Bonding Company has grown to serve the bail bonding needs of Tennesseans in approximately eighty-eight counties throughout Tennessee, and will underwrite approximately one hundred twenty-five million dollars in bail bonds in 2024.

55.     Tennessee Bonding Company employs dozens of Tennesseans across the state of Tennessee, and serves the bail bonding needs of thousands of Tennesseans across the state each year.

56.     Part of Tennessee Bonding Company's growth can be attributed to its focus on its marketing, including its social media presence.

57.     For example, among other things, Tennessee Bonding Company has made dozens of videos that can be found through a basic "Google" search, on topics ranging from basic informative videos on the bail bonding industry, to testimonial videos from Tennessee Bonding Company's past clients.

55765667 v2

## Facts Part 3: the TAPBA's Directors Conspire to Force
## Tennessee Bonding Company Out of Business

58.    The bail bonding industry has traditionally been a "tight-knit" community, with one or two bonding companies serving each county within Tennessee.

59.    Bonding companies work closely with judges and court personal and often develop amicable and close working relationships with those judges and court personnel.

60.    Maintaining amicable working relationships and well a good reputation with the court and its personnel are important to Tennessee Bonding Company and are crucial to its success as a business.

61.    Since its founding, Tennessee Bonding Company has worked hard to develop and maintain its business reputation, and to that end, has attempted to maintain amiable relationships with other bail bond businesses who are members of TAPBA.

62.    However, when Tennessee Bonding Company began to compete with other bail bonding companies by becoming authorized to underwrite bail bonds in counties that had traditionally been served by one or two white-owned bail bonding companies, certain other bail bonding companies began to take "notice" of Tennessee Bonding Company and its owners.

63.    Moreover, as Tennessee Bonding Company expanded its business in counties that had traditionally been served by one or two white-owned bail bonding companies, certain members of the TAPBA board, including the Defendants named herein, began to exhibit increasingly hostile and disrespectful behavior to Plaintiffs.

64.    To that end, on information and belief, over at least the past year, Defendants Mr. Williams, Ms. Shepard, and Mr. Alexander, have been using their positions within TAPBA and/or well-established relationships with other members of TAPBA to disseminate false information

about Tennessee Bonding Company to other TAPBA members, and to recruit other TAPBA members to form a coalition to injure Plaintiffs in their business and reputation.

65.    Additionally, on information and belief, over approximately the last six months, Defendant Ms. Alexander, at the behest of and in concert with the other Defendants, has provided false information by "anonymous email" regarding Mr. Cole and Tennessee Bonding Company, to judges and court personnel within the Seventeenth, Twenty-First, Twenty-Fourth and Twenty-Sixth judicial districts, for the sole purpose of interfering with Tennessee Bonding Company's ability to conduct business in those judicial districts.

66.    Additionally, over at least the last six months, Defendants began knowingly or reckless publicly disseminating false information to multiple other members of the TAPBA regarding Tennessee Bonding Company, its owners and its business.

67.    For example, Defendants have, on multiple occasions, falsely informed other TAPBA members that Tennessee Bonding Company was growing its business through unlawful and unfair business tactics, and that Tennessee Bonding Company had made and was continuing to make "systematic false reports" to Google regarding competing bail bonding companies, and/or by "paying Google to take down" the websites or domain names of other bail bonding companies from the internet so that such companies could no longer be easily found from an internet search.

68.    Further, these Defendants have each falsely disseminated to TAPBA members, court personnel throughout the above counties, and the general public that Mr. Cole perjured himself in a court of law by purportedly failing to disclose of certain information to the Court related to prior personal court proceedings.

69.    Additionally, these Defendants have intentionally disseminated false information to other bail bond companies and their owners, as well as other members of the general public,

that due to unlawful or unfair business tactics (a) Tennessee Bonding Company "is going down", (b) Tennessee Bonding Company is going out of business, (c) that "the AG is going to shut Tennessee Bonding Company down" and/or (d) that Tennessee Bonding Company is facing a "$229 Million lawsuit", all because of the purported fraudulent acts Defendants have publicly alleged have been taken by Tennessee Bonding Company.

70.     Further, using their positions as board members of TAPBA, Defendants Mr. Alexander, Mr. Williams, and Ms. Shepard recruited at least ten other members of TAPBA, and have formed a "coalition" comprised of other TAPBA members to "investigate" Tennessee Bonding Company and convince the Attorney General to "go after" or "shut down" Tennessee Bonding Company for its purported fraudulent and unfair actions.

71.     On information and belief, and using their positions and influence as board members of TAPBA, Defendants Mr. Alexander, Mr. Williams, and Ms. Shepard began recruiting members of TAPBA to join this coalition to, among other things, spread disinformation about Tennessee Bonding Company and "put Tennessee Bonding Company out of business" sometime in the beginning of 2024, and those efforts remain ongoing at the time of this filing

72.     Additionally,  since February of 2024, Defendant Ms. Shepard has repeatedly contacted Tennessee Bonding Company's agents directly and accused Tennessee Bonding Company of "having Ms. Shepard's doing business name 'American Bonding' removed from Google."

73.     Needless to say, Tennessee Bonding Company and its agents have not taken any action whatsoever to have Ms. Shepard's doing business name "American Bonding" removed from Google, or to otherwise affect any other bonding company's website or name.

74.     Additionally, since October 2024, Defendant Joshua Carter, the son of Defendant Ronnie Carter, has repeatedly reached out to another one of Tennessee Bonding Company's bail agents, and has repeatedly defamed Plaintiffs.

75.     For example, in one such text, Joshua Carter texted a long-time bail agent working for Tennessee Bonding Company, stated to her that, "Your company [Tennessee Bonding Company] is done" and "the end is near [for Tennessee Bonding Company]," and then attempted to lure the bail agent to come work for Defendant Ronnie Carter's company, Free Bird Bail Bonding.

76.     Moreover, on information and belief, Defendants Alexander, A Close Bonding Company, Ronnie Carter, Free Bird Bail Bonds, Ms. Shepard, American Bonding, Mr. Williams, Jail Busters Bail Bonds, Mr. DeBord, City Bonding Company, Inc., Mr. Kirkland, Andy Kirkland Bail Bonds, Ms. Pressley, A1 Bail Bonds, Ms. Evans, Affordabail Bail, LLC, Mr. Humphrey, Anytime Bail Bonds LLC, Ms. Morrell, Southeastern Bonding, Mr. Duckworth, A Angel Bonding, LLC, Ms. Hulan, and Grumpy's Bail Bonds, LLC have each publicly disseminated false information regarding Tennessee Bonding Company to other member of the TAPBA and members of the general public, including false information that (a) Tennessee Bonding Company was growing its business through unfair competition by making "systematic false reports" to Google regarding competing bail bonding companies, and/or by "paying Google to take down" the websites or domain names of other bail bonding companies from the internet so that such companies could no longer be easily found from an internet search, (b) that Tennessee Bonding Company "is going down", that (c) Tennessee Bonding Company is going out of business, and (d) that the AG is going to shut Tennessee Bonding Company down for fraud.

77.     Suffice to say, Tennessee Bonding Company has not been making "systematic false reports" about Defendants "to Google" or to anyone else, and Tennessee Bonding has not engaged in any "unlawful" or unfair activities of any kind.

78.     On information and belief, Defendants Mr. DeBord, City Bonding Company, Inc., Mr. Kirkland, Andy Kirkland Bail Bonds, Ms. Pressley, A1 Bail Bonds, Ms. Evans, Affordabail Bail, LLC, Mr. Humphrey, Anytime Bail Bonds LLC, Ms. Morrell, Southeastern Bonding, Mr. Duckworth, A Angel Bonding, LLC, Ms. Hulan, and Grumpy's Bail Bonds, LLC would not have joined the "coalition against Tennessee Bonding Company" nor would they have disseminated false information regarding Plaintiffs without the influence of Ms. Alexander, Ronnie Carter, Ms. Shepard, and/or Mr. Williams, all of whom are Directors of the TAPBA.

79.     In other words, by virtue of their positions as Directors of the TAPBA, Ms. Alexander, Ronnie Carter, Ms. Shepard, and Mr. Williams all have "clout" within the bail bonding industry in Tennessee.

80.     Notably, while Defendants Carter, Shepard and Williams have approached multiple white bail bond companies to join the coalition against Tennessee Bonding Company, on information and belief, none of the Defendants has approached any African American-owned bail bonding businesses or any African American TAPBA individual members in Tennessee to sign the law firm's letter.

81.     Moreover, while Defendants have targeted Tennessee Bonding Company (a minority owned company) with their campaign of defamatory statements and harassment, Defendants have not targeted or otherwise even mentioned any white-owned bonding companies and their use of the internet, or their relationship with Google, despite the reality that almost every

bail bonding company in Tennessee develops business through and therefore maintains some on-line presence.

82.     In addition to unfairly targeting, disparaging and interfering with Tennessee Bonding Company's ability to do business, the actions of Defendants Ronnie Carter, Ms. Shepard and Mr. Williams are contrary to the stated mission of the TAPBA, which is purportedly to "foster the primary business of its Members".

83.     However, contrary to its stated mission, the TAPBA—through Defendants (which include four of its Directors, including its current President and current Treasurer)—has instead recently engaged in actions designed to damage and harm Tennessee Bonding Company in its business and as to its reputation.

84.     These four TAPBA Directors have, on information and belief, been working behind the scenes on the "smear campaign" described above and directed against Tennessee Bonding Company and the manner in which it conducts business.

85.     The sole purpose of Defendants' smear campaign and communications with the courts and court personnel noted herein above is to have Tennessee Bonding Company's ability to underwrite bail bonds revoked or otherwise disallowed in those counties, so as to prevent Tennessee Bonding Company from fairly competing with other bonding companies in those counties, and to otherwise injure Plaintiffs in their business and reputation.

86.     In addition to the damage described above, by way of further damage, based on Defendants' dissemination of false information, Tennessee Bonding Company has already had its right to underwrite bail bonds *sua sponte* suspended in the Twenty-Fourth Judicial District, and has been denied the ability to write bonds in the Twenty-Sixth Judicial District pending investigation of claims contained in an anonymous e-mail, and the Seventeenth and Twenty-First

judicial districts have *sua sponte* initiated actions to investigate allegations of perjury against Messrs. Cole and Holmes, on information and belief, based on the same or similar email.

87.     On information and belief, the actions of the Defendants in defaming Plaintiffs and seeking to interfere with Plaintiffs' ability to conduct business in this state is due to the fact that Tennessee Bonding Company is a minority owned business that has grown too rapidly and "gotten too big for its britches" to suit the comfort of the "old guard" of what has historically been and remains a "white dominated" industry.

## COUNT I: VIOLATION OF 42 U.S.C. § 1981
## (AGAINST ALL DEFENDANTS)

88.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 86 above.

89.     Under 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens …."

90.     These rights under 42 U.S.C. § 1981(a) are expressly protected "against impairment by nongovernmental discrimination …." 42 U.S.C. § 1981(c).

91.     Stated simply, this statute prohibits intentional race discrimination in the making and enforcing of contracts.

92.     Here, the individual Defendants are all white individuals involved in the bail bonding business in Tennessee.

93.     On information and belief, the individual Defendants have each acted to defame Tennessee Bonding Company in its reputation and put Tennessee Bonding Company out of its business and to impair Tennessee Bonding Company's ability to make and enforce contracts in this State.

94. Tennessee Bonding Company is one of only a few minority owned bail bonding companies in Tennessee.

95. On information and belief, Defendants acts in defaming and attempting to interfere with Tennessee Bonding Company's right to conduct business are motivated by the fact that the majority owner of Tennessee Bonding Company Brian Cole, is African American.

96. As a result of Defendants' actions, Tennessee Bonding Company and its owners Mr. Cole and Mr. Holmes, have each suffered and continue to suffer damages, including pecuniary and other nonpecuniary losses, for which they should be compensated by Defendants.

<u>COUNT II: CONSPIRACY TO VIOLATE 42 U.S.C. § 1981</u>
<u>(AGAINST ALL DEFENDANTS)</u>

97. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 95 above.

98. The Defendants have intentionally made an agreement to defame Tennessee Bonding Company and interfere with its right to conduct business.

99. Defendants have each taken overt acts in furtherance of this agreement by, inter alia, (a) sending anonymous email to court and court personnel, (b) contacting agents and employees of Tennessee bonding Company directly to defame Plaintiffs and attempt to coerce employees to stop working for Tennessee Bonding Company, (c) using their positions as board members of TAPBA to defame Plaintiffs to their peers, and to influence others to join their "coalition" to put Tennessee Bonding Company out of business, and (d) defaming Plaintiffs to the general public.

100. On information and belief, Defendants acts in defaming and attempting to interfere with Tennessee Bonding Company's right to conduct business are motivated by the fact that the majority owner of Tennessee Bonding Company Brian Cole, is African American.

101.    As a result of Defendants' actions, Tennessee Bonding Company and its owners Mr. Cole and Mr. Holmes, have each suffered and continue to suffer damages, including pecuniary and other nonpecuniary losses, for which they should be compensated by Defendant.

## COUNT III: BREACH OF FIDUCIARY DUTY
## (AGAINST DEFENDANTS TAPBA, MS. ALEXANDER, MR. (RONNIE) CARTER, MS. SHEPARD & MR. WILLIAMS)

102.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 100 above.

103.    The TAPBA, as a not-for-profit corporation, has a duty to act for the benefit of its Members, and its Directors have a duty to ensure that the TAPBA does so.

104.    Plaintiffs Tennessee Bonding Company, Mr. Cole, and Mr. Holmes, are all TAPBA members.

105.    Defendants Ms. Alexander, Ronnie Carter, Ms. Shepard, and Mr. Williams are Directors of the TAPBA, and they have used the "clout" their status as Directors of the TAPBA gives them to engage in a vendetta against Tennessee Bonding Company by disseminating false information about Tennessee Bonding Company and its owners to other members of TAPBA and the general public, and by attempting to interfere with Tennessee Bonding Company's ability to conduct business.

106.    Additionally, Defendants Ms. Alexander, Ronnie Carter, Ms. Shepard, and Mr. Williams, as Directors of the TAPBA, have used the "clout" their status as Directors of the TAPBA affords them and to recruit  Defendants A Close Bonding Company, Free Bird Bail Bonds, American Bonding, Jail Busters Bail Bonds, Mr. DeBord, City Bonding Company, Inc., Mr. Kirkland, Andy Kirkland Bail Bonds Ms. Pressley, A1 Bail Bonds, Ms. Evans; Affordabail Bail, LLC, Mr. Humphrey, Anytime Bail Bonds LLC, Ms. Morrell, Southeastern Bonding, Mr. Duckworth, A Angel Bonding, LLC, Ms. Hulan, and Grumpy's Bail Bonds, LLC to join a coalition

designed to investigate the "unlawful and unfair actions of Tennessee Bonding Company" and have stated to recruits that the coalition intends to coerce the Attorney General of the State of Tennessee to take legal action and "shut down" based on the coalitions unsupported and defamatory accusations that Tennessee Bonding Company has engaged and is engaging in unlawful and fraudulent business tactics..

107.    As a result of Defendants' actions, Tennessee Bonding Company and its owners Mr. Cole and Mr. Holmes, have each suffered and continue to suffer damages, both monetary, as well as to their reputations, for which they should be compensated by Defendants in an amount to be proven at trial.

<u>COUNT IV:  TORTIOUS INTERFERENCE WITH CONTRACT</u>
<u>(AGAINST ALL DEFENDANTS)</u>

108.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 105 above.

109.    Tennessee Bonding Company has contractual relationships with its bail agents.

110.    Tennessee Bonding Company also has contractual relationships with its customers—*i.e.*, those Tennesseans it issues bail bonds for.

111.    Defendants are each aware of both of these types of contractual relationships that Tennessee Bonding Company enjoys.

112.    Although the individual Defendants and their businesses may try to compete with Tennessee Bonding Company, either in finding bail agents or in finding customers, Defendants may not use tortious or otherwise unlawful means to do so.

113.    Further, the TAPBA itself is supposed to "foster the primary business of" its members, which includes Tennessee Bonding Company.

114.     However, contrary to their duties, the individual Defendants—including four Directors of the TAPBA—and their companies have publically accused Tennessee Bonding Company of making "systematic false reports" and of engaging in "unlawful" activities.

115.     The statements made by Defendants are false.

116.     Defendants made the statements (set forth herein above) concerning the Plaintiffs knowing the statements were false, with reckless disregard for the truth of the statements, or with negligence in failing to ascertain the truth of the statements.

117.     The purpose of the Defendants publication and dissemination of the false statements is to interfere with Tennessee Bonding Company's ability to underwrite bail bonds.

118.     As a result of Defendants' actions, Tennessee Bonding Company and its owners Mr. Cole and Mr. Holmes, have each suffered and continue to suffer damages, both monetary, as well as to their reputations, in an amount to be proven at trial for which they should be compensated by Defendants.

## COUNT V: DEFAMATION
## (AGAINST ALL DEFENDANTS)

119.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 116 above.

120.     Defendants have each disseminated false and defamatory information regarding Plaintiffs.

121.     Among other things, Defendants have accused Plaintiffs of (a) making "systemic false reports" about Defendants and other bail bond companies "to Google", and (b) engaging in other "unlawful competitive tactics."

122.     Defendants have also intentionally published false and defamatory statements to TAPBA members and members of the general public that due to these alleged "unlawful

practices", Tennessee Bonding Company is going to be "shut down" by the attorney general and is subject to a $229 Million dollar lawsuit.

123.    Defendants have published such statements to members of TAPBA, as well as the general public in writing and orally.

124.    The statements Defendants have published regarding Tennessee Bonding Company in this letter are all false, and these statements are believed to have originated with one or more of the Defendants.

125.    Defendants made the statements (set forth herein above) concerning the Plaintiffs with knowledge that the statements were false, or with reckless disregard for the truth of the statements, or with negligence in failing to ascertain the truth of the statements.

126.    Further, in making these false statements about Tennessee Bonding Company, Defendants—including four Directors of the TAPBA—all acted with malicious intent.

127.    This malicious intent is reflected in the communications by Defendant Joshua Carter, telling one of Tennessee Bonding Company's bail agents that "Your company is done" and "the end is near."

128.    Further, accusing a regulated business like Tennessee Bonding Company of "systematic false reports" or of "unlawful" activities constitutes defamation *per se*.

129.    As a result of Defendants' actions, Tennessee Bonding Company and its owners Mr. Cole and Mr. Holmes, have each suffered and continue to suffer damages, both monetary as well as to their reputations, in an amount to be proven at trial, for which they should be compensated by Defendants.

## **JURY DEMAND**

Plaintiffs demand a jury to try this cause.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request the following relief:

a.    That this Court cause proper process to issue upon Defendants requiring them to appear and respond before this Court;

b.    That this Court enter an order finding in favor of Plaintiffs as to all causes of action asserted herein and awarding Plaintiffs all legal and equitable damages to which they are entitled, including punitive damages;

c.    That Plaintiffs be awarded pre-judgment and post-judgment interest on any award of damages from the date of the filing of this Complaint through and until any judgment is paid in full; and

d.    That Plaintiffs be awarded all such other, further and general relief, at law or in equity, to which this Court deems Plaintiff may be entitled.

Respectfully submitted,

Dated:  November 6, 2024                     **BURR & FORMAN, LLP**


/s/ Emily C. Taube, Esq.
Emily C. Taube (BPR # 019323)
222 2nd Ave. S., Suite 2000
Nashville, TN  37201
Telephone: (615) 724-3237
Facsimile: (615) 724-3337
Email: etaube@burr.com

*Counsel for Plaintiffs Tennessee Bonding Company, Brian J. Cole and Kenneth Holmes*